P SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 02-1206 PA<br>CR 02-1207 PA | | Date | October 2, 2008 |
|---|---|---|---|---|

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

Interpreter   N/A

| Karen Park | Not Reported | Robert Kennan |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Robert D. Pryce Jr. | | X | | David Haberbush | | | X |

**Proceedings:**   MOTION FOR BAIL PENDING APPEAL

   The Court has before it defendant Robert Dennis Pryce's motion for bail pending the disposition of his second successive § 2255 petition.[1] Pryce contends that he is entitled to bail under the Bail Reform Act because he is not likely to flee and his petition presents a "substantial question of law and fact" that is likely to result in having his sentence vacated based on the Supreme Court's holding in United States v. Santos, 128 S. Ct. 2020 (2008). The Court disagrees. First, the "Bail Reform Act does not apply to federal prisoners seeking post-conviction relief." United States v. Matt, 41 F.3d 1282, 1282 (9th Cir. 1995).[2] Second, the Ninth Circuit has established that the standard for bail in the post-conviction context is "'extraordinary cases involving special

---

[1]   On July 8, 2008, Pryce filed his second §2255 petition. Pryce was convicted of mail fraud and money laundering. On September 6, 2005, he appealed his sentence. While that appeal was pending, he filed a motion to vacate his sentence on the ground that he was denied effective assistance of counsel. This court denied and dismissed the petition. Pryce appealed the denial of that motion, but the Ninth Circuit later dismissed that appeal. On October 2, 2007, the Ninth Circuit affirmed Pryce's conviction and remanded the case for reconsideration of two restitution issues. On June 30, 2008, this Court re-sentenced Pryce.

[2]   Even assuming that the Bail Reform Act applied, Pryce has failed to show a substantial question of law and fact. It is well settled that Pryce's second motion for § 2255 relief is subject to prohibition barring successive habeas motions. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). Before presenting a second motion [2255], the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. Pryce has not shown that he has obtained a certificate of appealability from the Ninth Circuit.

                                                                                            :
                                                                 Initials of Deputy Clerk  _____

cc:   Probation Office
   Pretrial Services Agency – Los Angeles

P SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

circumstances or a high probability of success.'" Matt, 41 F.3d at 1281 (quoting Land v. Deeds, 878 F.2d 318 (9th Cir. 1989).

In this case, Pryce has not established that this is an extraordinary case involving special circumstances or a high probability of success. Pryce was charged in two indictments and pled guilty to all counts pursuant to a plea agreement in which he admitted each and every element of the offenses, including the money laundering counts. Pryce also stipulated to all of the enhancements under the sentencing guidelines. Moreover, Pryce has also failed to show a high probability of overcoming the procedural bar to successive § 2255 motions,[3] United States v. Allen, 157 F.2d 661, 664 (9th Cir. 1998) (district court lacks jurisdiction to consider successive motion pursuant to section 2255 where certification requirement of section 2244(b) has not been met) or that the decision in Santos may be applied retroactively to final convictions. See United States v. Sanchez-Cervantes, 282 F.3d 664, 671 ((9th Cir. 2002). Finally, Pryce has not demonstrated that his prior counsel was ineffective as that term is defined in Strickland v. Washington, 466 U.S. 668, 687 (1984) (a criminal defendant may establish for ineffective assistance of counsel only he shows both that counsel's performance was deficient and "deficient performance prejudiced the defense").

Accordingly, Pryce's motion for bail pending disposition of his § 2255 motion is denied.

---

[3] Section 2255 requires that:

> "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate courts of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244, subdivision (b)(3) provides that a second or successive habeas petition is not allowed unless the appellate court issues an order authorizing the district court to consider the second or successive petition. A district court must dismiss any second or successive habeas claims where the conditions set froth in section 2244 are not met. United States v. Allen, 157 F.3d 661 (9th Cir. 1998). Pryce does not allege, and the court can find no evidence that he has sought, or that the appellate court has granted, any order authorizing this court to give consideration to Pryce's successive habeas petition. This court must therefor conclude that it lacks jurisdiction to consider Pryce's motion for relief.

Initials of Deputy Clerk        l

cc: Probation Office
    Pretrial Services Agency – Los Angeles